IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBERT JAMES JONES, ID # 900894, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:04-CV-2731-H (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for aggravated assault in Cause No. F01-01103-R. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On August 21, 2001, petitioner was convicted of aggravated assault and sentenced to twelve years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On August 13, 2002, the court of appeals affirmed his conviction. *See Jones v. State*, No. 05-01-01356-CR, 2002 WL 1838976, at *1 (Tex. App. – Dallas Aug. 13, 2002). The court of appeals granted petitioner an extension of time to November 11, 2002, to file a petition for discretionary review (PDR). *See Jones v. State*, No.

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

05-01-01356-CR, http://www.courtstuff.com/FILES/05/01/05011356.HTM (docket sheet information generated Nov. 5, 2006) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas) [hereinafter State Docket Sheet]. Petitioner thereafter filed a PDR on September 20, 2002, that the Texas Court of Criminal Appeals struck as non-compliant. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=120025 (accessed Nov. 6, 2006) (following link to disposition). On January 2, 2003, petitioner filed a "redrawn" PDR that the Court of Criminal Appeals dismissed as untimely on January 15, 2003. *See id.* (following link to disposition).

On April 25, 2003, and April 28, 2004, petitioner filed state applications for writ of habeas corpus. (Pet. ¶ 11.) On January 28, 2004, the Court of Criminal Appeals denied petitioner's first application for writ of habeas corpus (WR-56,857-02). *See* Texas Judiciary Online, http://www.cca. courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2 =&Style=Jones%2C+Wilbert&Style_2=&COACaseNumberNo=&Submit1=Search (accessed Nov. 6, 2006) (following links). On August 31, 2004, it dismissed his second application (WR-56,857-03) as an abuse of the writ. *See id.* (following links).

Petitioner filed the instant petition on December 22, 2004, when he placed it in the prison mail system. (Answer to Question 1 of Magistrate Judge's Questionnaire);[2] *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that (1) he is actually innocent as

---

[2] Due to some ambiguity regarding the date petitioner placed his federal petition in the prison mailing system, the Court sent him a Magistrate Judge's Questionnaire in which it specifically asked him to provide the specific date. In answer to that questionnaire, he informed the Court that he placed his § 2254 petition in the prison mail system on December 22, 2004.

shown by a newly discovered recantation from the complainant; (2) his attorney rendered ineffective assistance by failing to object to a comment on his failure to testify at trial; (3) his attorney rendered ineffective assistance by failing to offer evidence that he had no history of violence; (4) he was denied the right to confront a witness through adequate cross-examination; (5) he was denied the equal protection of the law when the jury received no definition for "beyond a reasonable doubt". (*See* Pet. 8-A to 8-F.)

In view of the preceding procedural history and the nature of petitioner's claims, the Court will consider the timeliness of the instant federal petition for writ of habeas corpus. However, because petitioner asserts that he has new evidence of his actual innocence that was unavailable until December 2003, the Court first considers petitioner's claim of actual innocence.

## II.  ACTUAL INNOCENCE

Petitioner argues that a December 2003 recantation by the complainant shows that he is actually innocent of aggravated assault.

With respect to whether a petitioner may obtain federal habeas relief on a claim of actual innocence, the Fifth Circuit Court of Appeals has recognized *Townsend v. Sain*, 372 U.S. 293 (1963) as the unequivocal position of the United States Supreme Court on the matter. *See Boyd v. Puckett*, 905 F.2d 895, 896 (5th Cir. 1990); *Armstead v. Maggio*, 720 F.2d 894, 896 (5th Cir. 1983) (per curiam). In *Townsend*, the Court held that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." 372 U.S. at 317, *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). In the Fifth Circuit, actual innocence is not an independent basis for federal habeas relief. *E.g., Graham v. Johnson*,

168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson*, 132 F.3d 1069, 1075 (5th Cir. 1998); *Jacobs v. Scott*, 31 F.3d 1319, 1324 (5th Cir. 1994). Petitioner thus cannot succeed on his actual innocence claim standing alone.

Petitioner, moreover, has not established that he is actually innocent. The Supreme Court has held that to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt . . . in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

*Schlup v. Delo*, 513 U.S. 298, 321 (1995).

Petitioner has not met this standard. A jury found him guilty on the evidence presented against him, including testimony from the complainant. Although the complainant recanted her trial testimony in December 2003, she later recanted her recantation. (*See* Pet. at 8-A to 8-B.) Under such facts, the Court does not find it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.

Because a claim of actual innocence is not cognizable on federal habeas corpus, and petitioner has not shown himself to be actually innocent in any event, this claim entitles him to no federal habeas relief. The Court thus proceeds to determine whether petitioner timely filed his other claims.

## III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions

for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions.

One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-

year period is calculated from the latest of either (A) the date on which the judgment of conviction

became final; (B) the date on which an impediment to filing an application created by State action

in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes

a new constitutional right and makes the right retroactively applicable to cases on collateral review;

or (D) the date on which the facts supporting the claim became known or could have become known

through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition.  Nor does he base his petition on any new constitutional right

under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-

year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D)

the date on which he knew or should have known with the exercise of due diligence the facts

supporting his claims.

In this case, petitioner appealed his conviction but filed no timely, compliant PDR, despite

a granted extension of time to do so.  The state conviction therefore becomes final for purposes of

§ 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*,

on November 11, 2002, the date to which the court of appeals extended the deadline for such filing.

*See Roberts v. Cockrell*, 319 F.3d 690, 692,(5th Cir. 2003).  Petitioner's state judgment of conviction thus became final on November 11, 2002.  With regard to subparagraph (D), the Court determines that, with the potential exception for the claim of actual innocence already addressed, the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on November 11, 2002.

Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his December 2004 filing untimely with the possible exception of his claim of actual innocence based upon alleged newly discovered evidence.

## IV. TOLLING

AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added).  Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which a properly filed state habeas application was pending before the Texas state courts.  *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his first state petition on April 25, 2003, he had used 164 days of the year he had to file the instant federal petition.  Nevertheless, the filing of his state petition tolled the statute of limitations until the Court of Criminal Appeals denied the writ on January 28, 2004.  The

AEDPA clock began to run again on January 29, 2004.  When petitioner filed his second state petition on April 28, 2004, 90 more days had expired, for a total of 254 days.  The filing of the second state petition tolled the statute of limitations until the Texas Court of Criminal Appeals dismissed the writ on August 31, 2004.  Although petitioner had 111 days remaining in the one-year time period for filing his federal petition, he used 112 days before placing his federal writ in the prison mail system on December 22, 2004.  His federal filing therefore falls outside the statutory period and should be deemed untimely in the absence of equitable tolling.

Further, petitioner provides nothing which indicates that rare and exceptional circumstances warrant equitable tolling.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling).  Although petitioner claims to be actually innocent of the crime for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).  As already discussed, furthermore, petitioner has not shown himself to be actually innocent.  In the absence of equitable tolling, the December 2004 filing falls outside the statutory period and should be deemed untimely except for the claim of actual innocence based upon alleged newly discovered evidence.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the instant request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.  The asserted claims are either untimely or fail to state a cognizable habeas claim.

7

**SIGNED this 17th day of November, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8